IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOUSEFLOW, INC., | § | |
| | § | |
| Plaintiff, | § | Case No. 3:22-cv-01979 |
| | § | |
| v. | § | Patent Case |
| | § | |
| SAVANNAH LICENSING LLC, | § | Jury Trial Demanded |
| | § | |
| Defendant. | § | |
| | § | |

**COMPLAINT FOR DECLARATORY JUDGMENT REGARDING PATENT NON-INFRINGEMENT**

COMES NOW Plaintiff Mouseflow, Inc. ("Mouseflow"), by and through its undersigned counsel of record, and by way of complaint for declaratory judgment regarding non-infringement and invalidity of U.S. Patent No. 9,454,777 ("the '777 Patent") against Defendant Savannah Licensing, LLC ("Savannah Licensing"), hereby alleges and avers as follows:

**NATURE OF THE ACTION**

1. This is an action brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, for a declaratory judgment of non-infringement of the '777 Patent under the Patent Laws of the United States, 35 U.S.C. §§101, *et seq.*

**PARTIES**

2. Plaintiff Mouseflow, Inc. is a corporation organized and existing under the laws of Washington that maintains its principal place of business at 501 Congress Ave, Suite 150, Austin, TX 78701.

3. Defendant Savannah Licensing LLC is a non-practicing corporate entity organized and existing under the laws of Texas that maintains its principal place of business at 9901 Brodie

Lane, Suite 160 PMB925, Austin, TX 78748.

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Mouseflow's claims arise under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

2. This Court has personal jurisdiction over Savannah Licensing because Savannah Licensing resides in Texas and brought an underlying action in this judicial district, *Savannah Licensing LLC v. Broadridge Financial Solutions Inc*. (Case No. 3:22-cv-1180), thereby submitting itself to the Court's jurisdiction.

3. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400, because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTS GIVING RISE TO THIS ACTION

4. Savannah Licensing has asserted Claim 1 of U.S. Patent No. 9,454,777 ("the '777 Patent") against several current and former customers of Mouseflow in materially identical complaints and infringement contentions (the "Actions"), asserting infringement by way of their use of Mouseflow's User Feedback and Session Replay tools (the "Accused Instrumentalities"). *See Savannah Licensing LLC v. Broadridge Financial Solutions Inc*, Case No. 3:22-cv-1180; *Savannah Licensing LLC v. Harbor Freight Tools, USA, Inc.*, Case No. 6:22-cv-00555; *Savannah Licensing LLC v. Hubzu USA, Inc.*, Case No. 6:22-cv-00709; *Savannah Licensing LLC v. Ross Stores, Inc.*, Case No. 6:22-cv-00710.

Claim 1 of the '777 Patent recites:

> 1. A method to use feedback in a system implemented by a computing device, comprising:
>
> > [a] receiving, by the computing device, a frustration event package comprising a user frustration event indicator and an associated event indicator that indicates a level and a type of user frustration associated with a user frustration event, wherein the user frustration event is associated with a device event that includes an active operation of a device at a time when the user frustration event occurred;
> >
> > [b] determining, by the computing device, feedback based at least in part on the user frustration event indicator and the associated event indicator; and
> >
> > [c] implementing, by the computing device, a network action based on the determined feedback.

5. Essentially, the claim recites four basic steps: [a] *receiving* information about user activity on a device that is associated with user frustration; [b] *determining* appropriate device operations responsive to the information about the user activity and corresponding device operations; and [c] *implementing* a network action based on the determined device operations.

6. Savannah Licensing's allegations of infringement have placed a cloud over Mouseflow's business and relationships by attacking Mouseflow's customers for their use of Mouseflow products and services.

7. The use of Mouseflow to get analytics for a webpage, does comprise a method that will result in the determination and implementation of network feedback after receiving information about user frustration, as recited in the '777 Patent. Savannah Licensing manipulates the word "feedback" in Claim 1 of the '777 Patent in its infringement contentions to allege that Mouseflow is infringing, despite the fact that Mouseflow only allows for a user to input its own feedback after frustration.

8. Under the circumstances, there exists a clear, substantial, and continuing threat to Mouseflow's business as long as the current controversies remain unresolved. Accordingly,

Mouseflow needs and seeks resolution of the issues raised in this complaint for declaratory relief.

## FACTS RELATING TO NON-INFRINGEMENT

9. Mouseflow denies that it now infringes or in the past infringed, either directly, indirectly, literally, or under the doctrine of equivalents, any claim of the '777 patent.

10. Mouseflow's User Feedback tool is a website plugin that provides "a method for communicating with users, passively or actively, to collect opinions, experiences, and perspectives" about a customer's company, website, or products upon the occurrence of a triggering event. *See* https://mouseflow.com/features/user-feedback-tool/.

11. Mouseflow's Session Replay tool is a website plugin that tracks a user's activity during that session and marks it in accordance with specific triggering events. https://mouseflow.com/features/session-recording-tool/.

12. Claim 1 includes at least one step that neither Mouseflow, nor its customers, incorporates in any system. Specifically, neither of the Accused Instrumentalities implement a specific network action based on determined feedback.

13. Use of Mouseflow's User Feedback tool does not meet any of the claim limitations of Claim 1 of the '777 Patent. With respect to claim limitation 1[a], the User Feedback tool does not record device operations associated with user frustration as required for the creation of a frustration event package. The User Feedback tool does not even record website operations. A computing device will not receive a frustration event package during the operation of the User Feedback tool as would be required for infringement of Claim 1 of the '777 Patent.

14. With respect to claim limitation 1[b] and 1[c], the User Feedback tool only triggers the appearance of a pop-up requesting user feedback upon a triggering event, rather than implementing some network action. No network action is determined or implemented in the

course of making the pop-up appear.  The User Feedback tool is only an open survey tool for website users. It does not determine any feedback based on a frustration event package as required by Claim 1 of the '777 Patent.  It does not implement the determined feedback as required by Claim 1 of the '777 Patent.  The User Feedback tool is already integrated into a website and device operations are not relevant to the pop-up appearing at all, only user activity.

15. Use of Mouseflow's Session Replay tool does not meet any of the claim limitations of Claim 1 of the '777 Patent.  With respect to claim limitation 1[a], the Session Replay tool only records user activity in a specific user session, not device operations, and simply adds a tag to that user session in accordance with a triggering event.  A frustration event package is not created that records both user activity and associated device operations.  Beyond the fact that the '777 Patent is directed at device operations, not website operations, a computing device will not receive a frustration event package during the operation of the Session Replay tool as would be required for infringement of Claim 1 of the '777 Patent.

16. With respect to claim limitation 1[b] and 1[c], the Session Replay tool neither determines nor implements any network action while tagging a specific recorded user session with an indicator of frustration.  The Session Replay tool only records user activity and marks some user activity in association with specific conditions set by a website owner. It does not "determine" any feedback based on a frustration event package as required by Claim 1 of the '777 Patent.  It does not "implement" the determined feedback as required by Claim 1 of the '777 Patent.

**COUNT 1: DECLARATORY RELIEF REGARDING NON-INFRINGEMENT**

17. Mouseflow repeats and realleges the allegations contained in paragraphs 1 through 15 above as if fully set forth herein.

18. Based on the Savannah Licensing's filing of several patent infringement lawsuits

in the Western District of Texas and the Northern District of Texas against Mouseflow customers regarding their use of Mouseflow's User Feedback tool and Session Replay tool, an actual controversy has arisen and now exists between the parties as to whether Mouseflow has infringed either directly or indirectly (through contributory infringement or inducement of infringement) the '777 patent.

19. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Mouseflow requests a declaration by the Court that it does not infringe any claim of the '777 patent, either directly, contributorily, or by inducement.

## PRAYER FOR RELIEF

20. Mouseflow respectfully requests a judgment against Savannah Licensing as follows:

    A. A declaration that Mouseflow and its customers do not infringe the '777 patent;

    B. That Savannah Licensing take nothing by their various Actions;

    C. That the Court enter judgment against Savannah Licensing and in favor of Mouseflow and the defendants in the various Actions and that the various Actions be dismissed with prejudice;

    D. That the Court award Mouseflow costs and attorneys' fees incurred in this action; and

    E. Further relief as the Court may deem just and proper.

## JURY DEMAND

Mouseflow hereby demands trial by jury on all issues.

Dated: September 6, 2022          Respectfully Submitted,

By:   */s/ Eric H. Findlay*
Eric H. Findlay
TX Bar No. 00789886
R. Brian Craft
TX Bar No. 04972020
FINDLAY CRAFT, P.C.
102 N. College Ave., Ste. 900
Tyler, TX  75702
(903) 534-1100
(903) 534-1100 Fax
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Clement Seth Roberts (*pro hac vice forthcoming*)
(California State Bar No. 209203)
Isaac Sawlih Behnawa (*pro hac vice forthcoming*)
(California State Bar No. 342441)
ORRICK HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Email: croberts@orrick.com
Email: ibehnawa@orrick.com
Bas de Blank (*pro hac vice forthcoming*)
(California State Bar No. 191487)
ORRICK HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94205
Telephone: 650-614-7400
Email: basdeblank@orrick.com